IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-1099 |
| | ) | Judge Nixon |
| METROPOLITAN LIFE INSURANCE, | ) | Magistrate Judge Brown |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff David Walsh's ("Plaintiff") Motion for Attorneys' Fees, Brief in Support of Attorneys' Fees, and supporting papers ("Plaintiff's Motion") (Doc. Nos. 57-60). Defendants Metropolitan Life Insurance Company ("MetLife"), Georgia-Pacific Corporation Life Choices Plus Benefits Program, Long-Term Disability Plan, and Georgia-Pacific Corporation (collectively "Defendants") filed a Response in Opposition (Doc. No. 61). Plaintiff filed a Motion for Leave to File a Reply and a Reply, to which Defendants filed a Response in Opposition (Doc. Nos. 62-63, 64). Plaintiff's Motion for Leave is **GRANTED**. For the following reasons, Plaintiff's Motion for Attorneys' Fees is **DENIED without prejudice**.

I.  BACKGROUND

On November 13, 2006, Plaintiff brought this action seeking review of Defendant MetLife's termination of his long term disability benefits ("LTD"), per ERISA § 502, 29 U.S.C. § 1132 (2009). (Doc. No. 1.) On March 9, 2009, this Court granted in part and denied in part

-1-

Defendants' Motion for Judgment on the Administrative Record and Plaintiff's Motion for Judgment on the Pleadings ("Order"). (Doc. No. 56.) In that Order, the Court declined to address Plaintiff's substantive challenges to MetLife's decision. (Doc. No. 56, at 8.) Rather, the Court found that "a serious procedural error undermined administrative review of Plaintiff's claim for benefits," and therefore remanded to MetLife for reconsideration with the proper procedural standards. (Doc. No. 56, at 7-8.) In addition, the Court found for Defendants on their counterclaim seeking recovery of overpayment of LTD benefits in the amount of $37,008.13. (Doc. No. 56, at 21.)

Plaintiff now moves for attorneys' fees pursuant to ERISA section 502(g)(1), 29 U.S.C. § 1132(g)(1), in the amount of $20,276.50. Defendants oppose this motion, arguing that Plaintiff is not a prevailing party, and therefore is not eligible for attorneys' fees under ERISA. Additionally, Defendants argue that the five factor test utilized by this Circuit weighs against an award of attorneys' fees or, alternatively, Plaintiff's award of attorneys' fees should be greatly reduced in proportion to Plaintiff's lack of success and Defendants' success on their counterclaim.

## II. ATTORNEYS' FEES

### A. Prevailing Party Under ERISA

ERISA section 502(g)(1) states: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 502(g)(1). Defendants argue that because the Court remanded the case to the plan administrator, Plaintiff has not prevailed and is therefore ineligible for attorneys' fees. Plaintiff asserts that district courts have awarded attorneys' fees upon

remand, and therefore ERISA does not require the party to have prevailed. The Court notes the significant split of authority between the circuits on the question of whether a party must be deemed a "prevailing party" to qualify for attorneys' fees under ERISA. See McKay v. Reliance Standard Life Ins., Co., 654 F. Supp. 2d 731, 733-35 (E.D. Tenn. 2009) (comprehensive review of inter-circuit split, also highlighting disagreement within the Fifth, Seventh, and First Circuits). As the Court will discuss, *infra*, the Sixth Circuit contains conflicting decisions; however, the weight of authority indicates Congress intended this provision to allow assignment of fees without a determination of prevailing party.

There is no definitive statement on the threshold requirement of prevailing party for attorneys' fees under ERISA in the Sixth Circuit. See McKay, 654 F. Supp. 2d at 735. A well-reasoned, recent district court decision notes this, then finds no legislative intent to restrict ERISA attorneys' fees in this manner. Id. (following Winpisinger v. Aurora Corp., 469 F. Supp. 783 (N.D. Ohio 1979)). Upon review of other attorneys' fees provisions, the McKay Court found Congress capable of expressly restricting attorneys' fees to prevailing parties. Id. (citing 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.") and 7 U.S.C. § 210(f) (same)). That court also disagreed with two other recent cases, which it characterized as "insert[ing] a prevailing party requirement into § 1132(g)(1) that is not expressly there." Id., at 736.

Defendants rely on Weddell v. Retirement Comm. of the Whirlpool Prod. Employee Ret. Plan, No. 3:07-cv-0006, 2008 WL 343137 (N.D. Ohio, Feb. 5, 2008), in which the court, while acknowledging our Circuit's split of authority, concluded that an award of attorneys' fees is given only to the prevailing party on an ERISA claim and, when the court remands without

-3-

reversing or ruling on the denial of benefits, an award of attorneys' fees would be premature. 2008 WL 343137, at *3-4. While Weddell does find that ERISA requires a prevailing party for an attorneys' fees award, the Court finds the opposing current of thought in this Circuit as discussed in McKay more persuasive on the issue of legislative intent than either Weddell or the case upon which it relies, Cattin v. General Motors Corp., 955 F.2d 416, 416 (6th Cir. 1992). See also Baca-Flores v. Hartford Life & Accident Ins. Co., No. 03-72131, 2006 WL 2130528 (E.D. Mich. July 28, 2006) (relies on Cattin for the proposition that the Sixth Circuit requires a prevailing party for an award of ERISA attorneys' fees). The Court concludes that the ERISA attorneys' fees provision is not limited to prevailing parties. See Soltysiak v. Unum Provident Corp., 480 F. Supp. 2d 970, 974 (W.D. Mich. 2007).

While a party need not prevail entirely for the Court to consider an award of attorneys' fees, see id. at 974 (citing Douglas v. Evans Indus., Inc., 184 F. Supp. 2d 636, 639 (E.D. Mich. 2001)), some degree of success on the merits is generally required before a party is eligible for an award of attorneys' fees. See id. (citing Sixth Circuit authority for the proposition that an award of attorneys' fees to a losing party is an abuse of discretion). A remand to the plan administrator constitutes a substantial level of success on the merits. See Satterwhite v. Metro. Life Ins., Co., No. 1:06-cv-165, 2008 WL 2952473, at *3 (E.D. Tenn. July 29, 2008) (acknowledges 6th Circuit split in authority). Although Plaintiff has not achieved success in the sense of winning his benefits claim, he has received another review of the termination of those benefits. Even if ultimately unsuccessful, Plaintiff has achieved some success because his case was remanded. See McKay, 654 F. Supp. 2d at 736 ("Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which

-4-

achieves some of the benefit the parties sought in bringing suit." (citation omitted)).  Although ERISA does not require a "prevailing party," even if it did, Plaintiff has achieved some success at this stage, so the consideration of an attorneys' fees award not unreasonable.  See Elliott v. Metro. Life Ins. Co., No. 04-174-DLB, 2007 WL 1558519, at *1-2 (E.D. Ky. May 29, 2007) (consideration of attorneys' fees for plaintiff appropriate when Sixth Circuit found Defendant's decision to be arbitrary and capricious and instructed district court to remand to the plan administrator).

Defendants cite Platt v. Walgreen Income Prot. Plan for Store Managers, No. 3:05-0162, 2006 WL 3694580, at *2 (M.D. Tenn. Dec. 14, 2006) for the proposition that a motion for attorneys' fees upon remand is premature, as Plaintiff has not prevailed on his claims.  Platt does not deal with the prevailing party issue, however; rather, it acknowledges the discretion of the trial judge in awarding attorneys' fees.  Platt then launches into the five factor attorneys' fees analysis, determining that because the court remanded to the plan administrator, it had not made a ruling on the merits regarding the plaintiff's claim, and therefore an award of attorneys' fees would be premature.  Recently another court in our Circuit considered Platt but followed the reasoning of Soltysiak, Elliott, and McKay to find that a plaintiff need not be a prevailing party to be awarded attorneys' fees under 29 U.S.C. § 1132(g)(1).  See Frassrand v. Metro. Life Ins., Co., 2009 WL 6313560, at *2-4 (E.D. Tenn. 2009).  While some courts continue to follow the "prevailing party" line of reasoning, this Court finds the alternative currents of authority to be grounded in the statutory language and therefore more indicative of Congressional intent.

While Defendants also claim Cattin states that an award of attorneys' fees to an unsuccessful ERISA plaintiff would be an abuse of discretion, the Court understands that case to

-5-

stand not for the general proposition that an award of fees to an unsuccessful plaintiff is an abuse of discretion, but for the specific holding that the district court in that case did not abuse its discretion in refusing to award attorneys' fees to an unsuccessful ERISA plaintiff. See 955 F.3d at 427 ("Plaintiffs were not the prevailing party on the ERISA claim, and, therefore, it was not an abuse of discretion to deny plaintiffs' motions for attorney's fees.").

Therefore, this Court finds that the weight of authority in this Circuit does not require a party to prevail in order for attorneys' fees to be considered. Furthermore, even if ERISA required a "prevailing party," Plaintiff has achieved some success on the merits because his case has been remanded for re-evaluation, therefore an evaluation of Plaintiff's motion for attorneys' fees is appropriate here.

B. The Five-Factor Test

When evaluating a motion for attorneys' fees, the Court considers the following five factors, no one of which is determinative:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Schwartz v. Gregori, 160 F.3d 1116, 1119 (6th Cir. 1998) (citing Sec'y of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985)). The Court will examine each factor in turn.

*i. Degree of opposing party's culpability or bad faith*

Plaintiff urges the Court to interpret Defendants' improper shortening of the appeal deadline and refusal to consider additional documents submitted by Plaintiff's counsel as culpable conduct. Plaintiff asserts that Defendants' failure to comply with established

-6-

regulations tips this factor in favor of an award of attorneys' fees. Defendants counter that there is nothing in the administrative record to show that Defendant MetLife intentionally cut short the time for Plaintiff's appeal, or acted in bad faith or with culpable conduct in its research and investigation of Plaintiff's claims. The Court agrees.

In its March 19, 2009 Order, the Court found no evidence that MetLife intentionally violated § 1133. (Doc. No. 56, at 18.) Rather, the Court stated that it was probable MetLife sent Plaintiff an outdated form letter indicating a previous time period under ERISA. (Id.) MetLife employed two new physician consultants to review Plaintiff's claim upon Plaintiff's initial challenge and the Court did not believe that Plaintiff would be deprived of due process upon his remand. (Id.) The Court cannot say that Defendants exhibited culpable or bad faith conduct. Therefore, this factor weighs in favor of Defendants.

*ii. Opposing party's ability to satisfy an award of attorneys' fees*

There is little question that Defendants would be able to pay an award of attorneys' fees in this case, therefore this factor weighs in favor of Plaintiff. However, this factor is not dispositive and must be weighed alongside the remaining factors. See Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550, 557-58 (6th Cir. 1987).

*iii. Deterrent effect of an award on other persons under similar circumstances*

Plaintiff argues that an award of fees is appropriate because ERISA does not contain a punitive damages provision, and so without the threat of an attorneys' fees award, insurers risk only paying the amount of benefits originally denied if forced by a plaintiff to litigate. Plaintiff argues that an award here would deter other insurers from terminating benefits using procedurally-defective methods. Defendants argue that because the Court has not found

-7-

Defendants' actions to be culpable, an award would have limited deterrent effect. The Court agrees.

Plaintiff relies on Moon v. Unum Provident Corp., 461 F.3d 639 (6th Cir. 2002) for the assertion that an award of fees would serve as a deterrent in other cases. However, in that case the district court made an explicit finding of culpability on the part of the insurance provider. See id., at 645. Furthermore, in remanding for an award of attorneys' fees, the Sixth Circuit indicated its belief that the published decision in the underlying case would serve as a deterrent to arbitrary conduct on the part of other insurers. Id. The Court has determined that Defendants' conduct was likely not intentional and therefore not culpable. An award would have little effect on this or any other insurer's use of an out-dated form in the future. There is little to show that this case would provide specific or general deterrence. See McKay, 654 F. Supp. 2d at 738 (finding specific and general deterrence due to defendant's arbitrary and capricious conduct); Platt, 2006 WL 3694580, at *2 (findings no general deterrence because defendant did not necessarily act in bad faith); but see Frassrand, 2009 WL 6313560, at *5 (finding award promoted specific and general deterrence). This factor tips in favor of Defendants.

*iv.     Conferring a common benefit or resolving significant legal questions*

Although this case is one for individual rights under well-settled law, Plaintiff asserts all ERISA beneficiaries benefit when plan administrators are required to conform to established regulations. Defendants maintain that the fourth factor requires an examination of the larger significance of the individual case: does it confer a common benefit on all participants and beneficiaries of the plan or resolve a significant legal question regarding ERISA. While the Court acknowledges that the larger purpose of ERISA's review mechanisms serve the interests

of all its beneficiaries, this case is for an individual's rights under well-settled law.  This factor weighs in favor of Defendants.  See, e.g., Satterwhite, 2008 WL 2952473, at *4.

    v.  *Relative merits of the parties' positions*

  Plaintiff asserts that because the Court found MetLife's procedural error "wrought significant substantive prejudice" by foreshortening Plaintiff's time to appeal from 180 to 60 days and because Plaintiff has received a real benefit from the litigation in the form of the remand, this factor should be resolved against Defendants.  Defendants claim that the Court has not ruled on the merits of Plaintiff's benefits claim, but merely remanded to the administrator, and in so doing explicitly found that MetLife diligently researched and investigated Plaintiff's claim despite its error.  Further, Defendants argue the Court found for them on the merits of their counterclaim, further undercutting Plaintiff's relative merits position.

  This Court determined, *supra*, that Plaintiff received some tangible benefit from the litigation in the form of the remand to the plan administrator, and therefore should be considered a "prevailing party."  This weighs in favor of Plaintiff for this factor.  See Soltysiak, 480 F. Supp. 2d at 975 (reversal of denial of benefits and remand weighs in favor of plaintiff).  As one recent case notes: "[t]he inquiry called for by the 'merit' factor . . . is not solely whether one party's position was without merit (this would be covered by the 'bad faith' factor) or even whether one party's position was significantly more meritorious.  The inquiry is focused on the 'relative merits of the parties.'"  Elliott, 2007 WL 1558519, at *5 (citations omitted).  In its Order, the Court noted that in arguing that Plaintiff should have known, *pro se* and despite a letter to the contrary, that he was free to supplement his appeal at any point within the 180-day period, "MetLife pleaded disingenuously."  (Doc. No. 56, at 11.)  Furthermore, the Court

-9-

rejected Defendants' argument that any appeal would be a useless formality. (Id.). While Defendants prevailed on their counterclaim, and the Order explicitly did not address the merits of Plaintiff's benefits claim, the Court finds that relative merits of the parties' positions weigh in favor of Plaintiff.

On balance, however, the five factors weigh against Plaintiff. Plaintiff's Motion for Attorneys' Fees is therefore **DENIED without prejudice** to Plaintiff's re-filing of a motion for attorneys' fees if he ultimately prevails on his benefits claim.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave is **GRANTED** and Plaintiff's Motion for Attorneys' Fees is **DENIED without prejudice**.

It is so ORDERED,

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT